OSCN Found Document:IN RE: CODE OF PROFESSIONAL RESPONSIBILITY FOR INTERPRETERS

 
 
 
 OSCN navigation


 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 





 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 

 
 
 
 IN RE: CODE OF PROFESSIONAL RESPONSIBILITY FOR INTERPRETERS
2014 OK 46
Decided: 06/02/2014
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2014 OK 46, __ P.3d __
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

IN RE: CODE OF PROFESSIONAL RESPONSIBILITY FOR INTERPRETERS IN THE OKLAHOMA COURTS

Order

Pursuant to this Court's general superintending control over all inferior courts, Okla. Const., art. 7, § 4, and general administrative authority over state courts, Okla. Const., art. 7, § 6, we hereby approve the Code of Professional Responsibility for Interpreters in the Oklahoma Courts as set out in the attachment hereto. The Code will be codified as Rules 1 - 12 in a new appendix to Chapter 23 of Title 20 of the Oklahoma Statutes which concerns courtroom interpreters and translators.

IT IS ORDERED that the Code of Professional Responsibility for Certified Interpreters in the Oklahoma Courts attached hereto is approved and shall be applicable to all courtroom interpreters who are credentialed by the Oklahoma Board of Examiners of Certified Courtroom Interpreters.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 2nd DAY OF JUNE, 2014.

/S/CHIEF JUSTICE

ALL JUSTICES CONCUR 

 

 

Chapter 23 - Courtroom Interpreters and Translators

Appendix I. - Code of Professional Responsibility for Interpreters in the Oklahoma Courts

Rule 1. PREAMBLE

Many persons who come before the courts are partially or completely excluded from full participation in the proceedings due to limited English proficiency or a speech or hearing impairment. It is essential that the resulting communication barrier be removed, as far as possible, so that these persons are placed in the same position as similarly situated persons for whom there is no such barrier.  As officers of the court, interpreters help ensure that such persons may enjoy equal access to justice, and that court proceedings and court support services function efficiently and effectively. Interpreters are highly skilled professionals who fulfill an essential role in the administration of justice.

Rule 2. APPLICABILITY 

This code shall guide and be binding upon all persons, agencies and organizations who administer, supervise, use, or deliver interpreting services to the judiciary.

Rule 3. ACCURACY AND COMPLETENESS

Interpreters shall render a complete and accurate interpretation or sight translation, without altering, omitting, or adding anything to what is stated or written, and without explanation.

COMMENT

The interpreter has a twofold duty: (1) to ensure that the proceedings in English reflect precisely what was said by a non-English speaking person, and (2) to place the non-English speaking person on an equal footing with those who understand English. This creates an obligation to conserve every element of information contained in a source language communication when it is rendered in the target language.

Therefore, interpreters are obligated to apply their best skills and judgment to preserve faithfully the meaning of what is said in court, including the style or register of speech. Verbatim, "word for word" or literal oral interpretations are not appropriate when they distort the meaning of the source language, but every spoken statement - even if it appears non-responsive, obscene, rambling, or incoherent - should be interpreted. This includes apparent misstatements.

Interpreters should never interject their own words, phrases, or expressions. If the need arises to explain an interpreting problem (e.g., a term or phrase with no direct equivalent in the target language or a misunderstanding that only the interpreter can clarify), the interpreter should ask the court's permission to provide an explanation. Interpreters should convey the emotional emphasis of the speaker without reenacting or mimicking the speaker's emotions, or dramatic gestures.

The obligation to preserve accuracy includes the interpreter's duty to correct any error of interpretation discovered by the interpreter during the proceeding. Interpreters should demonstrate their professionalism by objectively analyzing any challenge to their performance.

Rule 4. REPRESENTATION OF QUALIFICATIONS

Interpreters shall accurately and completely represent their certifications, training, and pertinent experience.

COMMENT

Acceptance of a case by an interpreter conveys linguistic competency in legal settings. Withdrawing or being asked to withdraw from a case after it begins causes a disruption of court proceedings and is wasteful of scarce public resources. It is, therefore, essential that interpreters present a complete and truthful account of their training, certification, and experience prior to appointment so the officers of the court can fairly evaluate their qualifications for delivering interpreting services.

Rule 5. IMPARTIALITY AND AVOIDANCE OF CONFLICT OF INTEREST

Interpreters shall be impartial and unbiased and shall refrain from conduct that may give an appearance of bias. Interpreters shall disclose any real or perceived conflict of interest.

COMMENT

The interpreter serves as an officer of the court, and the interpreter's duty in a court proceeding is to serve the court and the public to which the court is a servant. This is true regardless of whether the interpreter is publicly retained at government expense or retained privately at the expense of one of the parties.

The interpreter should avoid any conduct or behavior that presents the appearance of favoritism toward any of the parties. Interpreters should maintain professional relationships with their clients and should not take an active part in any of the proceedings. The interpreter should discourage a non-English speaking party's personal dependence.

During the course of the proceedings interpreters should not converse with parties, witnesses, jurors, attorneys, or with friends or relatives of any party, except in the discharge of their official functions. It is especially important that interpreters, who are often familiar with attorneys or other members of the courtroom work group, including law enforcement officers, refrain from casual and personal conversations with anyone in court that may convey an appearance of a special relationship or partiality to any of the court participants.

The interpreter should strive for professional detachment. Verbal and non-verbal displays of personal attitudes, prejudices, emotions, or opinions should be avoided at all times.

Should an interpreter become aware that a proceeding participant views the interpreter as having a bias or being biased, the interpreter should disclose that knowledge to the appropriate judicial authority and counsel.

Any condition that interferes with the objectivity of an interpreter constitutes a conflict of interest. Before providing services in a matter, court interpreters must disclose to all parties and presiding officials any prior involvement, whether personal or professional, that could be reasonably construed as a conflict of interest. This disclosure should not include privileged or confidential information.

The following are circumstances that are presumed to create actual or apparent conflicts of interest for interpreters where interpreters should not serve:

1. The interpreter is a friend, associate, or relative of a party or counsel for a party involved in the proceedings;

2. The interpreter has served in an investigative capacity for any party involved in the case;

3. The interpreter has previously been retained by a law enforcement agency to assist in the preparation of the criminal case at issue;

4. The interpreter or the interpreter's spouse or child has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that would be affected by the outcome of the case;

5. The interpreter has been involved in the choice of counsel or law firm for that case.

Interpreters should disclose to the court and other parties when they have previously been retained for private employment by one of the parties in the case.

Interpreters should not serve in any matter in which payment for their services is contingent upon the outcome of the case.

An interpreter who is also an attorney should not serve in both capacities in the same matter.

Rule 6. PROFESSIONAL DEMEANOR

Interpreters shall conduct themselves in a manner consistent with the dignity of the court and shall be as unobtrusive as possible.

COMMENT

Interpreters should know and observe the established protocol, rules, and procedures for delivering interpreting services. When speaking in English, interpreters should speak at a rate and volume that enables them to be heard and understood throughout the courtroom, but the interpreter's presence should otherwise be as unobtrusive as possible. Interpreters should work without drawing undue or inappropriate attention to themselves. Interpreters should dress in a manner that is consistent with the dignity of the proceedings of the court.

Interpreters should avoid obstructing the view of any of the individuals involved in the proceedings.

Interpreters are encouraged to avoid personal or professional conduct that could discredit the court.

Rule 7. CONFIDENTIALITY

Interpreters shall protect the confidentiality of all privileged and other confidential information.

COMMENT

The interpreter must protect and uphold the confidentiality of all privileged information obtained during the course of her or his duties. It is especially important that the interpreter understand and uphold the attorney-client privilege which requires confidentiality with respect to any communication between attorney and client. This rule also applies to other types of privileged communications.

Interpreters must also refrain from repeating or disclosing information obtained by them in the course of their employment that may be relevant to the legal proceeding.

In the event that an interpreter becomes aware of information that suggests imminent harm to someone or relates to a crime being committed during the course of the proceedings, the interpreter should immediately disclose the information to an appropriate authority within the judiciary who is not involved in the proceeding and seek advice in regard to the potential conflict in professional responsibility.

Rule 8. RESTRICTION OF PUBLIC COMMENT

Interpreters shall not publicly discuss, report, or offer an opinion concerning a matter in which they are or have been engaged, even when that information is not privileged or required by law to be confidential.

Rule 9. SCOPE OF PRACTICE

Interpreters shall limit themselves to interpreting or translating and shall not give legal advice, express personal opinions to individuals for whom they are interpreting, or engage in any other activities which may be construed to constitute a service other than interpreting or translating while serving as an interpreter.

COMMENT

Because interpreters are responsible only for enabling others to communicate, they should limit themselves to the activity of interpreting or translating only. Interpreters should refrain from initiating communications while interpreting unless it is necessary for ensuring an accurate and faithful interpretation.

Interpreters may be required to initiate communications during a proceeding when they find it necessary to seek assistance in performing their duties. Examples of such circumstances include seeking direction when unable to understand or express a word or thought, requesting speakers to moderate their rate of communication or repeat or rephrase something, correcting their own interpreting errors, or notifying the court of reservations about their ability to satisfy an assignment competently. In such instances they should make it clear that they are speaking for themselves.

An interpreter may convey legal advice from an attorney to a person only while that attorney is giving it. An interpreter should not explain the purpose of forms, services, or otherwise act as counselors or advisors unless they are interpreting for someone who is acting in that official capacity. The interpreter may translate language on a form for a person who is filling out the form, but may not explain the form or its purpose for such a person.

The interpreter should not personally serve to perform official acts that are the official responsibility of other court officials including, but not limited to, court clerks, pretrial release investigators or interviewers, or probation counselors.

Rule 10. ASSESSING AND REPORTING IMPEDIMENTS TO PERFORMANCE

Interpreters shall assess at all times their ability to deliver their services. When interpreters have any reservation about their ability to satisfy an assignment competently, they shall immediately convey that reservation to the appropriate judicial authority.

COMMENT

If the communication mode or language of the non-English-speaking person cannot be readily interpreted, the interpreter should notify the appropriate judicial authority.

Interpreters should notify the appropriate judicial authority of any environmental or physical limitation that impedes or hinders their ability to deliver interpreting services adequately, e.g., the court room is not quiet enough for the interpreter to hear or be heard by the non-English speaker, more than one person at a time is speaking, or principals or witnesses of the court are speaking at a rate of speed that is too rapid for the interpreter to adequately interpret. Interpreters should notify the presiding officer of the need to take periodic breaks to maintain mental and physical alertness and prevent interpreter fatigue. Interpreters should recommend and encourage the use of team interpreting whenever necessary.

Interpreters are encouraged to make inquiries as to the nature of a case whenever possible before accepting an assignment. This enables interpreters to match more closely their professional qualifications, skills, and experience to potential assignments and more accurately assess their ability to satisfy those assignments competently.

Even competent and experienced interpreters may encounter cases in which routine proceedings suddenly involve technical or specialized terminology unfamiliar to the interpreter, e.g., the unscheduled testimony of an expert witness. When such instances occur, interpreters should request a brief recess to familiarize themselves with the subject matter. If familiarity with the terminology requires extensive time or more intensive research, interpreters should inform the presiding officer.

Interpreters should refrain from accepting a case if they feel the language and subject matter of that case are likely to exceed their skills or capacities. Interpreters should feel no compunction about notifying the presiding officer if they feel unable to perform competently, due to lack of familiarity with terminology, preparation, or difficulty in understanding a witness or defendant.

Interpreters should notify the presiding officer of any personal bias they may have involving any aspect of the proceedings. For example, an interpreter who has been the victim of a sexual assault may wish to be excused from interpreting in cases involving similar offenses.

Rule 11. DUTY TO REPORT ETHICAL VIOLATIONS

Interpreters shall report to the proper judicial authority any effort to impede their compliance with any law, any provision of this code, or any other official policy governing court interpreting and legal translating.

COMMENT

Because the users of interpreting services frequently misunderstand the proper role of the interpreter, they may ask or expect the interpreter to perform duties or engage in activities that run counter to the provisions of this code or other laws, regulations, or policies governing court interpreters. It is incumbent upon the interpreter to inform such persons of his or her professional obligations. If, having been apprised of these obligations, the person persists in demanding that the interpreter violate them, the interpreter should turn to a supervisory interpreter, a judge, or another official with jurisdiction over interpreter matters to resolve the situation.

Rule 12. PROFESSIONAL DEVELOPMENT

Interpreters shall continually improve their skills and knowledge and advance the profession through activities such as professional training and education, and interaction with colleagues, and specialists in related fields.

COMMENT

Interpreters must continually strive to increase their knowledge of the languages they work in professionally, including past and current trends in technical, vernacular, and regional terminology as well as their application within court proceedings.

Interpreters should keep informed of all statutes, rules of courts and policies of the judiciary that relate to the performance of their professional duties.

An interpreter should seek to elevate the standards of the profession through participation in workshops, professional meetings, interaction with colleagues, and reading current literature in the field.





 Citationizer© Summary of Documents Citing This Document
Cite
 Name
 Level
 Title 20. Courts Cite
Name
Level 20 O.S. Rule 2, Applicability
Cited 20 O.S. Rule 3, Accuracy and Completeness
Cited 20 O.S. Rule 4, Representation of Qualifications
Cited 20 O.S. Rule 5, Impartiality and Avoidance of Conflict of Interest
Cited 20 O.S. Rule 6, Professional Demeanor
Cited 20 O.S. Rule 7, Confidentiality
Cited 20 O.S. Rule 8, Restriction of Public Comment
Cited 20 O.S. Rule 9, Scope of Practice
Cited 20 O.S. Rule 10, Assessing and Reporting Impediments to Performance
Cited 20 O.S. Rule 11, Duty to Report Ethical Violations
Cited 20 O.S. Rule 12, Professional Development
Cited
Citationizer: Table of Authority
Cite
 Name
 Level
 None Found.